THE FRANKLIN FIRE INSURANCE COMPANY *vs.* T. W. JENKINS and three others.

*The directors of a monied institution are responsible, in an action on the case, for improperly obtaining and disposing of the funds or property of the company.*

*They are liable, however, only individually and severally, and not jointly as directors, unless the act complained of be done by a majority of the board of directors, when by the act of incorporation of the company, a majority only is competent to the transaction of the business of the company.*

DEMURRER to declaration. The declaration is in case by the directors of an insurance company against their predecessors for mal-feasance in their office of directors, and contains two counts. In the *first* count it is stated, that the plaintiffs, on the 10th of January, 1826, and from thence until the time of the grievances after mentioned, were lawfully possessed of and entitled to a large amount of funds, credits and effects of great value, to wit, of the value of $500,000, as and for the capital stock of the plaintiffs as a body corporate and politic, duly created; that on the day aforesaid the defendants were duly elected directors of the said body corporate, for the space of one year thence next ensuing, and until others should be elected in their places as such directors; that the defendants accepted the office of directors, and assumed upon themselves the duties thereof, and continued and acted as such until and at the time of committing the grievances, &c.; and although it became, and was the duty of the said defendants respectively, as such directors, to take and use all reasonable and proper care, diligence and attention, in and about the preservation, custody and safe invest-

*When a board of directors consists of sixteen, a joint action against four of the number for an act done as directors, cannot be maintained.*

*A general charge is a declaration, that the defendants, as directors of an insurance company, loaned the funds of the company upon inadequate security, knowing such security to be insufficient, without any specification of time, persons or circumstances is insufficient; and a demurrer for this cause will be sustained.*

*The declaration will also be adjudged bad, if the grievances complained of are alleged to have been committed in part by the want of care and attention, and in part by the corrupt and wilful mismanagement of the defendants.*

*It seems, that in a declaration, charging directors with having squandered the funds of a monied institution, it should be averred of what the funds, credits and effects of the company consisted.*

ment of the said funds, credits and effects of the plaintiffs, and to invest the same in such manner and in such securities as they should deem most conducive to the wellfare of the plaintiffs and the owners and proprietors of the capital stock of the plaintiffs as such body corporate and politic; yet the said defendants, severally, totally disregarding their said duty, and contriving, and fraudulently and willfully intending to injure the plaintiffs while they, the said defendants, severally, were and acted as such directors as aforesaid, and had the care, custody and control of the said funds, credits and effects, to wit, on the day and year aforesaid, and on divers subsequent days and times, to wit, at, &c. took so little and such bad care in and about the preservation and safe investment of the said funds, credits and effects of the said plaintiffs, that by and through the carelessness, negligence, and corrupt and wilful mismanagement of the said defendants, as such directors, in loaning the said monies, credits and effects upon securities which they at the time well knew to be insufficient and inadequate for that purpose, the said funds, credits and effects then and there became and were greatly wasted, impaired, dissipated, and finally lost to the said plaintiffs, to wit, on, &c. at, &c.  The *second* count is substantially the same as the first, with the exception that in addition to charging the defendants with fraudulent and wilful misconduct, they are charged with having acted corruptly, and with a view to their private benefit and advantage ; and that there is no specification of the manner in which the funds of the plaintiffs were wasted and lost.

The defendants demurred, and for causes of demurrer assigned the following :  1. That a *joint* action cannot be sustained, the grievances complained of being alleged to have been committed by the defendants *severally ;* 2. That it is not alleged of what the funds, credits and effects of the plaintiffs consisted, of which the defendants are charged to have had the care, custody and control ; 3 That it is not alleged *how,* or in what manner the funds became wasted and lost ; and 4. That the grievances complained of are alleged to have been committed in part by the want of care, and in part by

UTICA.
August, 1829.

Franklin Ins.
Company
v.
Jenkins.

UTICA,
August, 1829.

Franklin Ins.
Company.
v.
Jenkins.

corrupt and wilful mismanagement, which is double, repugnant, &c. The plaintiffs joined in demurrer.

*W. Slosson,* in support of the demurrer. There is no averment that any funds came to the hands of the defendants. The declaration sets forth no special matter from which the duty would arise, with the neglect of which the defendants are charged. It is not enough to allege that the defendants were directors of the company ; every fact requisite to enable the court to judge whether there has been a breach of duty ought to have been specially stated. (12 East, 89. 1 Wils. 281. 17 Johns. R. 439.) The act incorporating this company, (Statutes, 4 vol. c. 34,) requires that the stock, property, affairs and concerns thereof, shall be managed and conducted by *sixteen* directors ; that a major part of them shall constitute a board, and be competent to the transaction of business ; and all questions shall be decided by a majority of voices, (s. 4 and 8.) A corporation must act according to its constitution. (2 Johns. R. 109.) The statute confers no power, and consequently imposes no duty upon individual directors, or upon any number less than a majority.

An action does not lie against individuals for acts erroneously done by them in a corporate capacity, from which detriment happens to the plaintiffs, unless done maliciously or corruptly. (1 East, 555.) They are not liable for mistake, error of judgment, or negligence. The general allegation of corrupt and wilful mismanagement is not enough ; the particular acts upon which the charge is founded should be stated, so as to enable the defendants to come prepared to answer. (1 Chitty's Pl. 255.)

The declaration is defective also, as in its distinct causes of action, and against several persons, are set forth. Unless it was averred that there was a joint duty upon the four defendants sued, although they may have acted together, their acts are individual, for which they are separately responsible. The plaintiffs state that the defendants *severally* disregarding their duty, &c. ; how then can they be made jointly answerable ?

*G. Griffin,* for plaintiffs, admitted that the defendants are not liable for mistake, error of judgment, or even negligence; but insisted that they are responsible for wilful and corrupt conduct in their office of directors, the holding of which the court judicially knows devolved duties upon them, which therefore need not be particularly enumerated in the declaration. The rule of *certainty* in pleading is qualified by two general exceptions; first, where the knowledge of the facts is *peculiarly* in the opposite party; and secondly, where a subject comprehends multiplicity of matter : there, to avoid prolixity, the law allows general pleading. (1 Chitty's Pl. 239, 240. 13 East, 112. Comyn's Dig. Pleader, C. 42, E. 26.) Courts modify the rules of pleading to accommodate them to the purposes of justice, as in actions against bailees, common carriers, inn-keepers and owners of ships. The *quo modo* the injury is done, need not be stated.

All torts are in their nature, joint and several; and all participating in them are liable to be sued. There was no necessity of joining all the directors. The charge is, that those four defendants squandered the funds, and acted jointly in so doing. Unless the evidence supports the charge, the plaintiffs do not expect to succeed.

*Slosson,* in reply. In an action against a common carrier, &c. the duty of the defendant is known; a general charge is sufficient, and it is left to him to discharge himself. Not so with the duties of directors of an insurance company; they are unknown to the court, and must therefore be specially averred. If the defendants acted jointly by virtue of a resolution of the board of directors, the averment ought to have been made, and the defendants should have been charged as agents of the board, not as directors of the institution. It is admitted that the circumstances of each transaction complained of need not be stated; but the fact, such as a particular investment, &c. by which it is alleged the loss happened, should be averred.

*By the Court,* SUTHERLAND, J.   The demurrer is well taken. The defendants, if liable at all upon the allegations contained in the declaration, are liable *individually* and severally, and *not jointly*, as directors.   By the act of incorporation, (Statutes, vol. 4. c. 34,) the concerns of the company are to be managed by sixteen directors, and a major part is necessary to constitute a board, and to be competent to the transaction of the business of the corporation.   The four defendants therefore were incapable of doing any corporate act, and could not jointly as directors have wasted and lost the monies, credits and effects of the plaintiffs, by their carelessness, negligence, and corrupt and wilful mismanagement, in loaning the monies, &c. upon security, which they well knew to be inadequate and insufficient.   The act of incorporation imposes no duties on the directors simply as *individuals,* but on a *majority* acting as a board.   If any one or more of the directors improperly obtain and dispose of the funds or property of the company, they are undoubtedly responsible ; but responsible respectively, as individuals, and not jointly as directors.

The plaintiffs were bound to state with more particularity the acts of misconduct complained of.   The first count of the declaration avers in general terms, that through the carelessness, negligence, corrupt and wilful mismanagement of the defendants, as directors, in loaning the monies, credits and effects of the company, upon securities which they at the time knew to be insufficient, the said funds were wasted, impaired and finally lost to the plaintiffs.   The gist of this charge is, that the defendants, as directors, loaned the funds of the company upon inadequate securities, knowing them to be inadequate, without any specification of time, persons or circumstances.   It is impossible for the defendants to traverse the charge, or to enter on their defence with safety, without being prepared with testimony in relation to every loan in the making of which they may have participated. The plaintiff is bound to allege all the circumstances necessary for the support of this action, with such precision, certainty and clearness, that the defendant may know what he is called upon to answer, and be able to plead a direct and unequivocal plea.   (1 Chitty's Pl. 255.)   The decla-

ration in this respect is entirely defective. In actions against common carriers, inn-keepers and bailees, a very general form of declaring is allowed; but the particular goods or articles lost are always set out in the declaration, and their delivery to the carrier or inn-keeper is averred; and from such delivery their liability arises, if the goods are lost or destroyed, (2 Chitty's Pl. 271 to 276, and notes,) unless they shew the loss to have arisen from the enemies of the state or the act of God. (1 T. R. 33. 7 Cowen, 500, note.) Here it is not alleged in either of the counts what the funds, credits and effects of the plaintiffs were, of which the defendants had the care and control; and in the second count there is no sort of specification of the want of care or negligence, or of the corrupt and wilful mismanagement by which the funds were impaired or lost by the defendants. Both the counts also contain two distinct charges, requiring separate and different answers, and leading to different issues. The grievances complained of, are alleged to have been committed in part by *the want of care and attention*, and also by *the corrupt and wilful mismanagement* of the defendants. These are very different allegations, and require distinct and different answers. On these grounds, the declaration appears to me to be bad.

Judgment for defendants on demurrer, with leave to plaintiffs to amend.