THE EXCELSIOR PETROLEUM COMPANY, Appellant, *v.* MAGGIE B. LACEY, Executrix, etc., et al., Respondents.

The provision of the general act providing for the incorporation of manufacturing and other corporations (§ 13, chap. 40, Laws of 1848), forbidding the declaring and paying a dividend by the trustees of a corporation organized under it which shall diminish its capital stock, and imposing a penalty for the violation of said provision, takes the cases of such corporations out of the rule of the Revised Statutes upon that subject (1 R. S., 601, § 2), and as to them prescribes the only penalty recoverable for such violation, and the only persons who may sue therefor.

Accordingly, *held*, that an action could not be maintained under the statutes by the corporation against trustees for declaring such a dividend.

An action at common law cannot be maintained by the corporation where the trustees acted in good faith, and no question of negligence is raised.

The complaint in such an action alleged fraud and false representations on the part of the trustees. *Held*, that as a legal capacity to sue might thus have been made to appear on the face of the complaint, it was not necessary for defendants to demur in order to raise the question.

Also, *held,* that defendants were not bound by the decision in another action brought by plaintiff against other trustees in which defendants did demur and the decision was against them.

(Argued December 2, 1875; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendants entered upon the report of a referee.

This action was brought against the original defendants as former trustees of plaintiff, a corporation organized under the general law of this State. (Chap. 40, Laws of 1848.)

The complaint alleged that defendants, for the fraudulent purpose of causing it to be believed that the stock of the corporation was of great value and desirable as an investment, made various dividends, which were paid out of the capital of the corporation, they falsely and fraudulently representing that said dividends were paid solely out of the profits, and by means thereof defendants disposed of large amounts of stock held by them, at fictitious prices, whereby the capital of the corporation was greatly impaired, so that it was unable to proceed with its business. The referee found, in substance, among other things, that the dividends were made in good faith and without any fraud or fraudulent representations on the part of defendants. Further facts appear in the opinion.

*Wm. H. Dickinson* for the appellant. The referee erred in holding that the trustees were warranted and authorized in declaring and paying the dividends, and that said dividends were legal and proper. (R. S., part 1, title 4, § 2; Laws 1848, chap. 40, § 13.) As the dividends were illegal, plaintiff had at common law a right of action against the trustees for the amount thereof as money misapplied. ( *Smith* v. *Hard,* 12 Metc., 371; *Lex. R. R. Co.* v. *Bridge,* 7 B. Mon., 562; 1 R. S., chap. 18, part 1, title 4, § 2; *Robinson* v. *Bk. of Attica,* 21 N. Y., 406, 409; 2 R. S. [5th ed.], 657, 661, §§ 13, 36, 38; *Sibdell* v. *Remson,* 33 N. Y., 95.) Good faith on the part of the trustees was no defence to the action. (47

N. Y., 225; *Gaffney* v. *Colvill*, 6 Hill, 576; *Boynton* v. *Hatch*, 47 N. Y., 225; *Osgood* v. *Layton*, 3 Keyes, 522.) The question as to plaintiff's legal capacity to sue could only be raised by demurrer under subdivision 2 of section 144 of the Code. (*Fitzhugh* v. *Wilcox*, 12 Barb., 265; *Nelson* v. *Eaton*, 7 Abb., 305; 37 N. Y., 648; 20 id., 362; *Robins* v. *Wells*, 26 How., 15; *Palmer* v. *Davis*, 28 N. Y., 242.) The defendants who answered are estopped from raising this point of law by the decision of the demurrer under subdivision 6, section 144, of the Code, by the General and Special Terms, which was not appealed from within the time prescribed by statute. (*Burr* v. *Bigler*, 16 Abb., 177; 16 How., 158; 2 Code R., 18; *Catlin* v. *Billings*, 13 How., 511; *Brown* v. *Richardson*, 4 Rob., 603; *Berlin* v. *Hall*, 48 Barb., 442; *Brown* v. *Sar. R. R. Co.*, 18 N. Y.; *Binsse* v. *Wood*, 37 id., 526; *Freeman* v. *Ould*, 44 Barb., 14.)

*Jno. E. Parsons* for the respondents. Plaintiff's claim could not be maintained upon the pleadings under the provisions of the Revised Statutes. ( *Smith* v. *Knapp*, 30 N. Y., 581, 591; *Degrauw* v. *Elmore*, 50 id., 1; *Walter* v. *Bennett*, 16 id., 250, 254; *Bradley* v. *Aldrich*, 40 id., 504; *Ross* v. *Mather*, 51 id., 108.) If the claim could be maintained, the burden of making out a case was upon plaintiff. (*Boynton* v. *Hatch*, 47 N. Y., 225.) The trustees having acted in good faith in declaring the dividends, should not be held responsible. (*Scott* v. *Depeyster*, 1 Edw. Ch., 513, 534; *Hodges* v. *N. E. Screw Co.*, 1 R. I., 312; 3 id., 9; *Godbold* v. *Branch Bk. of Mobile*, 11 Ala. [N. S.], 191; *Smith* v. *Prattsville Manuf. Co.*, 29 id., 503.) Plaintiff has no right of action under the Revised Statutes. (*Bowen* v. *Lease*, 5 Hill, 222; *Rochester* v. *Barnes*, 26 Barb., 657; *Dash* v. *Van Kleeck*, 7 J. R., 477; *Col. Manuf. Co.* v. *Vanderpool*, 4 Cow., 556; *Livingston* v. *Harris*, 11 Wend., 329; *Harrington* v. *Trustees of Rochester*, 10 id., 547; *Bk. of Niagara* v. *Johnson*, 8 id., 645–656.) An action at common law could only be brought in the names of the individual stockholders aggrieved

or damaged by the alleged false representations. (*Robinson v. Smith*, 3 Paige, 222; *Butts v. Wood*, 37 N. Y., 317; *Wakeman v. Dalley*, 51 id., 27; *Morse v. Switz*, 19 H. P. R., 275, 288, note.)

FOLGER, J.   What is the act complained of in this suit? It is the declaring and paying a dividend which did diminish the amount of the capital stock. That is just the act which the legislature forbids in the thirteenth section of the law of 1848. (Laws of 1848, p. 57, chap. 40, § 13.) It is just the act which, among others, is forbidden by the Revised Stautes. (1 R. S., 601, § 2.) Each law imposes a penalty, and prescribes by whom it shall be enforced, for the doing of that act. As to the penalty the laws differ. The amount of the penalty is different, and it is enforceable by different persons; and different modes are provided for dissentient directors or trustees to escape from it. At once we ask, did the legislature intend, in the passage of the act of 1848, to make another additional penalty, and to give it to a different person, and to require dissenting trustees to take both methods or not escape? Unless there was such intention, it is manifest that the two acts will not stand together, and the one first passed must give way. To ascribe such an intention to the legislature, needs some reason more than the bare passage of the latter law. But when we look to the circumstances in which the last law was enacted, they do not furnish any ground for such ascription, but rather the contrary. The Constitution of 1846 authorized and required the passage of general laws for the formation of corporations. (Const., art. 8, § 1.) The legislature of 1848 met the requirement, in part, by the passage of a general law for the formation of manufacturing corporations, in which there was provision not only for the organization thereof, but for many of the details of their management. It is not too much to say that wherein the legislature made provision for such details, therein it intended to prescribe the sole and complete rule for the corporation. This being so, the former rule of the Revised

Statutes therein, though it might remain for the guidance of corporations existing under them, is confined in its operation to them. No rule of application of statutes is infringed by so holding. Where the legislature has once provided a special rule for a particular case, a general statute thereafter enacted, though broad enough in its terms to be applicable to the case, will not, from that fact alone, alter the special rule ( *Williams* v. *Pritchard*, 4 T. R., 2); though, if there be a general clause in the same statute with a special clause, the latter shall not restrain the signification of the former. (*Andree* v. *Fletcher*, 2 id., 164.) It is still more reasonable, that where there has been a general enactment covering the subject in general, in terms which include the particular case, and there is a subsequent enactment which makes a rule for that particular, that the latter shall be held to be all that the legislature, at last meant for the regulation of that case. We are of the opinion, therefore, that the act of 1848 provides the only penalty recoverable, as such, of trustees of a manufacturing company who have declared a dividend, the payment of which will reduce the amount of the capital stock; and that that act alone names the class of persons who may sue therefor.

It is urged that a corporation may maintain an action at common law, without the aid of statute, against the directors or trustees of it, for acts badly affecting its interests. It has been held that an action on the case will lie for such an act, if wrongful. (*Frank. Ins. Co.* v. *Jenkins*, 3 Wend., 130.) And a court of equity will interpose, if trustees have been guilty of willful abuse of the trust, or misapplication of the funds by which loss has come, or if waste or loss has been suffered by gross negligence and inattention to duties. (*Robinson* v. *Smith*, 3 Paige, 233.) But the findings of the referee do not furnish the basis of facts on which such an action will rest; and they do negative any fraud or fraudulent representations, and do affirm good faith on the part of the trustees. The plaintiffs asked for a finding as to negligence, but that was not within the issues raised by the pleadings,

nor, as we can see, made a subject of litigation at the hearing. The plaintiffs except to the finding just above mentioned. There was testimony on both sides of that question.

It is urged that the defendants should have demurred for the want of capacity in the plaintiff to sue. The Code requires that defence to be raised by demurrer alone, when it appears on the face of the complaint. The complaint makes allegations of false representations and fraud. If these were true, there might be a legal capacity in the plaintiffs to sue, appearing on the face of the complaint. It is also urged that, as some defendants, in some action brought by these plaintiffs for a kindred cause of action (as alleged), did demur, and the issue of law was adjudged against them, and so remains, that the defendants here are bound by that adjudication. As these defendants had no part in that action, they cannot be estopped by it.

As the questions of law involved in the case must be held against the plaintiffs, it is needless to go into the questions of fact presented by the requests and refusals to find. Even if we should conclude that the refusals were erroneously made, and that the dividend complained of did reduce the capital, we see that the plaintiff may not maintain this action.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.