JOHN RYAN, Respondent, *v.* WILLIAM BUCHANAN and DAVID C. LYALL, Appellants.

*Employment of children in a dangerous business* — 1876, *chapter* 122, *was repealed by section* 292 *of Penal Code.*

Chapter 122 of 1876, prohibiting the use or employment of any child in any business or vocation injurious to the health or dangerous to the life or limb of such child, was repealed by implication by the passage of section 292 of the Penal Code.

This section of the Penal Code does not prohibit the employment of children in a dangerous "business or vocation," but only their employment in a dangerous "practice or exhibition."

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*William C. De Witt*, for the appellants.

*Carpenter & Roderick*, for the respondent.

Pratt, J. :

The plaintiff sues to recover damages for the loss of his son's services occasioned by an injury to his fingers. The son was under thirteen years of age at the time of the injury. It is assumed by defendants' counsel that he was in their employ attending a machine known as a cap-press. The boy had attended on the machine for some weeks and knew its movements. It would seem that the caps were pressed by a plunger which first struck and gave them form and then drove them through a tube somewhat after the manner of a piston working in a vertical cylinder, the caps falling out of the opening at the bottom of the tube.

It was the boy's business to remove the caps as they fell from the tube and then to arrange and dispose of them in boxes. He put his hand up through the tube from the bottom while the machine was in motion and received the injury. The evidence scarcely comes up to the point of showing that the machine was out of repair or defective in its construction, but the apparatus was exhibited to the jury, and the jury found that it was dangerous in

its normal operation. There was, however, no evidence tending to show that the boy was not fully instructed in its use. It appears that the plaintiff deemed this proof unnecessary under the circumstances stated, and, in the absence of a statute, the master would not be liable because the lad was injured by putting his fingers into the tube ; that was no part of his duty. The act plainly contributed to, and was the main cause of, his injury. (2 Thompson on Negligence, 977.) The plaintiff, therefore, sought to bring his action within the statute by showing that the defendants had "procured or encouraged a child to engage in a business or vocation dangerous to the life or limb of the child" within chapter 122, Laws of 1876. The complaint was framed with this view, and the case was submitted to the jury on that theory. The defendant contended that this statute had been repealed or abrogated by the corresponding provision of the Penal Code (§ 292). If this was true the action was not maintainable, because the new statute does not cover a dangerous business or vocation. It is limited to "any practice * * * dangerous or injurious to the life, limb, health or morals of the child." The distinction between "a practice" and a "vocation" or "business" was clearly indicated by the act of 1876, hence the correctness of the decision of the case by the trial judge depends upon the alleged repeal of the act of 1876 in this respect. If said act is repealed it is by implication. The general scope of the Code covers the subject-matter of the act of 1876 upon the point in question. The general matter of the two provisions is the same ; that is, the protection of the lives, limbs and morals of young children, and prescribing the engagements which are prohibited by reason of the liability to danger in that respect. Regarded in this general way the two provisions upon the same subject-matter are plainly inconsistent. The latter is a different provision upon the same general subject. This is one of the tests by which we determine legislative intent. Who, for example, would suppose that an offender, under the act of 1876, might be punished again as for a separate offense under provisions of the Code which are in common? But a stronger, and to my mind conclusive, consideration lies in the fact that the new statute is just what it professes to be, a code or body of law established by the legislative to which it relates. (Bouvier's Law Dictionary.) It is a revision,

authority of the State designed to regulate completely the subject
a reiteration of the pre-existing penal laws, which the legislature
intended to preserve, a reduction thereof to a complete system. It
is well settled that whenever this general proposition appears from
the legislative act the former provision upon the same subject is
deemed repealed by implication, and it is quite immaterial that the
new provisions are not repugnant in (all details to the old. (*Columbian Mfg. Co.* v. *Vanderpoel,* 4 Cow., 456; *Excelsior Petroleum
Co.* v. *Lacey,* 63 N. Y., 422.) I think the plain purpose of the Code
was to substitute the new provisions for the old one. It follows
that the plaintiff's testimony made no case against the defendant.

The judgment must, therefore, be reversed and a new trial
ordered, costs to abide event.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment and order denying new trial reversed and new trial
granted, costs to abide event.