## *In re* FORRESTER.

(*Supreme Court, General Term, First Department.*   December 29, 1890.)

COLLATERAL INHERITANCE TAX—CHARITABLE INSTITUTIONS.

   The act incorporating a charitable institution, which limited the amount of property it might acquire, was amended so to enlarge the limit as to both personal and real property, coupled with a provision exempting its real estate from taxation. *Held,* that this special statute took the case out of the operation of the general statutes, under which the institution might have been wholly exempt from taxation; and it was therefore not within the exception in the New York collateral tax act (Laws 1885, c. 483; Laws 1887, c. 713) of corporations "now exempted by law from taxation."

Appeal from surrogate's court, New York county.

Petition for appraisement of legacies under the will of Hiram J. Forrester, subject to tax under the collateral tax act.   The Methodist Episcopal Church Home, one of the legatees under the will, appeals from an order fixing the tax on the legacy bequeathed to it.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Kelly & MacRae,* for appellant.   *Charles F. Tabor,* Atty. Gen., (*J. H. Maynard,* of counsel,) for respondent.

BARRETT, J.   The question presented by this appeal is whether the appellant is exempt from taxation under what is known as the "Collateral Tax Act," (Laws 1885, c. 483, as amended by Laws 1887, c. 713,) upon the legacy bequeathed to it by Hiram M. Forrester, deceased.   Section 1 of these acts makes an exception in favor of corporations, "now exempted by law from

taxation," and the appellant claims that it comes within this exception. Under the Revised Statutes, an alms-house is exempt from taxation genererally, and the appellant's institution probably comes within this term as defined by the court of appeals in the case of *Association* v. *Mayor*, *etc.*, 104 N. Y. 581, 12 N. E. Rep. 279. It certainly is performing a work of pure charity. No fee is charged for admission, the inmates are supported gratuitously, and all the property of the corporation is appropriated solely to the use of the poor. If the case stood upon the Revised Statutes alone there would be little difficulty in sustaining the appellant's position; but under its act of incorporation the appellant is only exempted from taxation upon its real estate. It was originally incorporated under chapter 225 of the Laws of 1851. In this act nothing was said about taxation, but the property which the corporation might acquire was limited to $50,000 worth of real estate, and to personal property bringing in an annual income of not more than $10,000. This act was amended in 1878, (chapter 81,) and greater rights with regard to the acquisition of property were conferred upon the corporation. By this latter act it was permitted to acquire by purchase, or by bequest or devise, real and personal estate, the annual income from which should not exceed $50,000. This addition to the privileges originally granted was, however, coupled with a provision exempting from taxation the real estate of the corporation. We think that this special statute, prescribing, as it did, a rule for this particular corporation, takes the case out of the operation of the general exemption contained in the Revised Statutes. It will be observed that the legislature originally said nothing upon this subject, but left the corporation free to avail itself—if an alms-house—of the existing general law exempting personal as well as real property. It was only upon the grant of additional privileges that taxation was referred to, and then the exemption was limited to real estate. This clearly excluded personal property from such exemption. If it had been intended to include personal as well as real property, it would have been easy to say so. Indeed, it would only have been necessary to say nothing at all upon the subject. Considering the existence of the general law, which was before the legislature when the act of 1878 was passed, the insertion in the latter act of the exemption as to real estate was idle, unless intended as a special rule applicable in future to this corporation. This view of the case accords with the rule of construction laid down in *Petroleum Co.* v. *Lacey*, 63 N. Y. 426. There FOLGER, J., speaking for the court, observed that "where the legislature has once provided a special rule for a particular case, a general statute threafter enacted, though broad enough in its terms to be applicable to the case, will not, from that fact alone, alter the special rule." "It is still more reasonable," he added, "that where there has been a general enactment covering the subject in general, in terms which include the particular case, and there is a subsequent enactment which makes a rule for that particular, that the latter shall be held to be all that the legislature at last meant for the regulation of that case." This doctrine is conclusive of this case. Taxation is the rule, and one claiming exemption must find plain warrant for it in the law. Doubtful language will not suffice. We think, therefore, that the personal property of the appellant is not now exempted by law from taxation, and consequently, that it is liable to the tax upon the legacies in question. The order appealed from should be affirmed, with costs.

All concur.