### HANNAHS et al. v. HAMMOND et al.

*(Supreme Court, Special Term, New York County.   June, 1892.)*

1. PLEADING—DEMURRER—FORM.
     A demurrer to a complaint for misjoinder of causes of action, while properly directed to the whole complaint, may be united with a demurrer to a part only of the causes of action on the ground of insufficient statement.

2. SAME—MISJOINDER OF ACTIONS.
     A complaint embracing a cause of action for specific performance of a contract, another for the value of stock received under a resolution of a board of directors, and others for breach of trust in no wise connected with the other causes of action, is bad for misjoinder of causes of action, it not being allowable to join causes of action in tort and in contract.

3. PARTIES—TRUSTEES—BREACH OF TRUST.
     An action based on breaches of trust evidenced and accomplished by the official action of trustees should be against them all jointly, and not against one alone, they being liable to contribution among themselves.

Action by John J. Hannahs, in behalf of himself and other stockholders of the Hammond Typewriter Company, against James B. Hammond and the Hammond Typewriter Company. Defendants demur to the complaint for misjoinder of causes of action, defect of parties, and insufficient statement of facts. Demurrer sustained on the first two causes of action, but overruled on the third.

*Kernan Bros. & Quin*, for plaintiff. *Smith & Martin*, for defendant Hammond Typewriter Company. *Henry De Forest Baldwin*, (*Wm. P. Fisher, Jr.*, of counsel,) for defendant James B. Hammond.

BEACH, J. The form of the demurrer is correct. Where the ground given is that causes of action are improperly united, the objection must necessarily be taken to the entire complaint. The ground of insufficient statement of facts to constitute a cause of action may be made applicable to any separate cause of action set forth in the pleading. The first cause of action pleaded is one for the specific performance by defendant Hammond individually of the written contract between him and the company, dated June 8, 1880, in regard to assignment by him of foreign patents, with a consequent accounting and repayment of royalties thereunder, alleged to have been received by said defendant. The fourth cause of action is for the value of 19 shares of stock in the company, alleged to have been received by defendant Hammond under a resolution of the board of trustees, and still unpaid for. The remaining four causes of action rest upon alleged breaches of trust by defendant Hammond acting as a trustee of the company. If this epitome be correct, the faultiness seems apparent. That it is fatal to the complaint is well established by authority. In *Keep* v. *Kaufman*, 56 N. Y. 332, the court say that causes of action in tort and in contract cannot be joined, except possibly when arising out of the same transaction or transactions connected with the same subject of action. The exception is not applicable here, for neither the transaction is the same, nor is there a connection with the same subject of action, between specific performances of an agreement and the collection of the value of stock shares and breaches of trust. The case most akin to the one at bar is *Wiles* v. *Suydam*, 64 N. Y. 173, the only difference being that the second cause of action was a penalty or forfeiture, not at all diminishing its applicability in principle. I think the demurrer well taken on the ground that causes of action are improperly united.

The 2d, 3d, 5th, and 6th causes of action are based upon breaches of trust, evidenced and accomplished by the official action of trustees. As between the directors of a corporation and its stockholders, the trust relation exists. While the directors are severally liable, they should all be impleaded when their joint action is questioned, because liable to contribution among themselves, and one judgment should bind them all. The defendant Hammond is alone called to account. His co-officials, through whose action the alleged wrongs were and could only be perpetrated, should have been made defendants. For this reason there is a defect of parties. *Insurance Co.* v. *Jenkins*, 3 Wend. 130. It is not difficult in cases where the use is appropriate to state a cause of action, by either judicious or liberal employment of allegations of fraud. The 2d, 3d, 5th, and 6th causes of action are therefore not amenable to the demurrer for insufficient statement of facts. The *status* of plaintiff to maintain these causes of action, and whether or not any damage has resulted to him, are largely, and perhaps exclusively, dependent upon the date he became an owner of stock. This fact cannot appear until the cause shall be tried. The questions must rest for disposition until then. The demurrer for insufficiency must be overruled. Judgment for defendant on demurrer, with costs. Leave to amend complaint upon payment of costs.