NEW-YORK,
Nov. 1809.

HUGHES
v.
SMITH and
MILLER.

HUGHES *against* SMITH and MILLER.

In an action of debt on a bond given to the sheriff by a deputy, conditioned for the due execution of the office of deputy-sheriff, according to law, and that the sheriff should not be made liable, &c. The sheriff having taken on himself the office, on the 16th *September*, 1801, pursuant to an appointment in *August*, was reappointed in *March*, 1803, and the defendant pleaded that the sheriff had sustained no damages, &c. in consequence of any act of the defendant, previous to the plaintiff's taking upon himself the office of sheriff, under his reappointment in 1803; it was held, that this plea was no answer to the declaration; that the bond extended to all the acts of the defendant, while the plaintiff was sheriff, and the defendant continued his deputy; and that there was no necessity of a renewal of the bond, on the plaintiff's being reappointed sheriff, as the plaintiff's authority was continued and uninterrupted, by the renewal of his commission, and the bond remained in force as long as the defendant was his deputy.

Where the plaintiff, in his replication, assigned a breach of the condition of the bond, in general terms, to wit, that the defendant had collected moneys, as under-sheriff, to the amount of 1,000 dollars, which he refused to account for or pay; this was held sufficient. So, if the breach assigned is that the defendant, as under-sheriff, embezzled 1,000 dollars, belonging to the plaintiff, which he refused to account for, &c. it is sufficient. It is enough if the breach be assigned generally, by negativing the words of the condition or covenant.

THIS was an action of debt, on a bond executed by the defendants, dated the 18th day of *September*, 1807, for the penal sum of 2,500 dollars.

The defendants pleaded *five* pleas:

1. *Non est factum.*

2. Praying *oyer*, and setting forth the *condition* of the bond, which recited, that *Smith* was appointed by the plaintiff under-sheriff for *Cayuga* county, and stating that if he should in all things execute the office aforesaid, during his continuance therein, according to law, and without fraud or oppression, so that the plaintiff should not be made liable for the payment of any damages or money, in consequence of any act or thing which *Smith* should do by virtue of the office, then the obligation to

be void. They then pleaded, that *Smith* executed the office of under-sheriff according to law, and that the plaintiff had not been made liable to the payment of any damages or money, in consequence of any act or thing done by *Smith*, as under-sheriff; with a verification.

3. That the plaintiff had not sustained any damage, or been obliged to pay any money in consequence of any act or thing done by *Smith*, by virtue of his office of under-sheriff, and this they are ready to verify, &c.

4. That the plaintiff took on him the office of sheriff, on the 16th *September*, 1807, under a commission bearing date the 10th *August*, 1807, and that, at the time of the execution of the bond, the plaintiff was sheriff, &c. and that he hath not been made liable to the payment of any damages or money, in consequence of any act done by *Smith*, as under-sheriff, at any time previous to the expiration of one year from the plaintiff's taking upon him the office of sheriff, on the 26th *September*, 1807, or by reason of any act which *Smith* did as under-sheriff, at any time before the plaintiff ceased to exercise the office of sheriff, under the commission aforesaid, and this they are ready to verify, &c.

5. That at the date of the bond, the plaintiff was sheriff, under a commission, &c. and that, afterwards, on the 1st *March*, 1803, the plaintiff was reappointed sheriff; and that, on the 1st *May*, 1803, he took upon him the office of sheriff, under the said reappointment, and that he hath sustained no damage, or been obliged to pay any money in consequence of any act done by *Smith*, as under-sheriff, previous to the plaintiff's taking upon him the office of sheriff, under the said reappointment; and this they are ready to verify, &c.

To the *second* and *third* pleas the plaintiff *replied*, stating, that after making the bond, and while *Smith* was under-sheriff, he did not execute the office of under-

sheriff according to law; and that the plaintiff hath been made liable to the payment of sundry sums of money, viz. 106 dollars and 86 cents, on a *fi. fa.* issued out of the supreme court against *Hezekiah Goodwin*, in favour of *Ephraim Kirby* and others; and the sum of 113 dollars and 40 cents, on a *fi. fa.* issued out of the supreme court against *Lemuel Wood*, impleaded with *Timothy Way*, in favour of *Daniel Williams;* and the sum of 154 dollars and 83 cents, on a *fi. fa.* issued out of the supreme court against *Timothy Way* and *Jonathan Palmer*, in favour of *Amasa Grason;* and the sum of 183 dollars and 3 cents, on a *fi. fa.* issued out of the supreme court against *Hezekiah Goodwin*, in favour of *Clarinda Lewis* and others, executors of *E. Lewis*, deceased; and also 45 dollars, on a *fi. fa.* against one *Walsh*, in favour of *John F. Schuyler*, and which said executions were directed to the sheriff of *Cayuga*, and were committed to the care of *Smith*, as under-sheriff, and while he exercised the said office; which said sums of money the plaintiff has been obliged to pay, and hath paid to the said plaintiffs, on the 10th *July*, 1804, in consequence of the negligence and fraud of *Smith*, while under-sheriff, &c. and that *Smith*, after making the said bond, and during the time he was under-sheriff, hath not, according to law, executed his office, or accounted for and paid all such sums of money, which were received by him for the said plaintiff, and the said several plaintiffs and others, for whom he had collected and received money, but hath refused to account for and pay to the plaintiff, or the said several plaintiffs and others, for whom he had collected and received money by virtue of his office, divers sums of money, amounting to 1,000 dollars, which were, during that time, received by *Smith* for the plaintiff, and the said plaintiffs, by virtue of his office, contrary to his bonds; and that during his office, to wit, on the 1st

*June*, 1802, and on divers days since, *Smith* embezzled the sum of 1,000 dollars, belonging to the plaintiff, which *Smith* received by virtue of his office, and which he has neglected and refused to account for; and that, during his office, to wit, on the 1st *June*, 1802, and on divers days since, the plaintiff hath sustained damage, and been obliged to pay sums of money in consequence of the negligence, and of the acts done by *Smith*, in his said office, amounting to 1,000 dollars, &c. and this he is ready to verify, &c.

The *replication* to the *fourth* plea stated, that the plaintiff took on himself the office of sheriff, on the 26th *September*, 1807, under a commission dated 10th *August*, 1801, and that he was sheriff at the date of the bond, and that he hath been made liable to the payment of, and has paid divers sums of money, to wit, 1,000 dollars, in consequence of the negligence and fraud of *Smith*, as under-sheriff, and this he is ready to verify, &c.

The *replication* to the *fifth* plea stated, that at the date of the bond, the plaintiff was sheriff, &c. and that, on the 1st *March*, 1803, he was reappointed sheriff, and, on the 1st *May*, 1803, took the office under the reappointment, and that he has sustained damages and been obliged to pay sums of money, viz. 500 dollars, in consequence of the negligence and fraud of *Smith*, as under-sheriff, and this he is ready to verify, &c.

There was a special demurrer to the replication to the second and third pleas. The causes of demurrer assigned were,

1. That the plaintiff has assigned for breach, that *Smith* neglected to account and pay to the plaintiff, or to the several plaintiffs and others, divers sums of money, amounting to 1,000 dollars; but has not alleged on what writs or executions he collected, or of whom he received, the said 1,000 dollars, nor that he received the

said 1,000 dollars on any writ or execution, or process whatever;

2. That the plaintiff has stated, that *Smith* embezzled 1,000 dollars that belonged to the plaintiff, and neglected and refused to account for the same, and pay the same to the plaintiff, when, in fact, the bond does not indemnify the plaintiff against any acts of embezzlement of *Smith*, or against his refusing to account with the plaintiffs for moneys belonging to the plaintiff;

3. That the plaintiff has stated things which the bond does not indemnify against, and on which a material issue cannot be joined.

There were also general demurrers to the replications to the fourth and fifth pleas.

These demurrers were submitted to the court, without argument.

KENT, Ch. J. delivered the opinion of the court. The several special pleas in this case, except the last, amount to the general plea of *non damnificatus;* and the questions arising on the record respect the sufficiency of the assignment of breaches in the replications. The last plea is no answer to the declaration, as it only avers, that the defendant, *Smith*, suffered no breach of the bond, previous to the time that the plaintiff took upon himself the office of sheriff, under a reappointment in 1803, and is silent as to the acts of *Smith*, subsequent to that period. The bond covered the acts of *Smith*, so long as the plaintiff was sheriff, and *Smith* continued under-sheriff. It was not necessary to have the bond renewed upon the renewal of the plaintiff's commission. The bond was, that *Smith* should execute well the office of under-sheriff, during his continuance in such office; and he was equally in that office, after as before the reappointment of the plaintiff. There was no interval between the one appointment and the other, in which the plaintiff was not

sheriff; and it was not necessary to reappoint *Smith*, in order to constitute him under-sheriff. He had no concern with the renewal of the plaintiff's commission, so long as there was an unbroken continuation of the plaintiff's authority.

The replication to the second and third pleas assigns special breaches, and points out the instances, and names the causes in which the plaintiff had sustained injury by the acts of *Smith*. No objection is made to this part of the replication. The plaintiff then assigns a breach in more general terms, by saying that *Smith* had collected moneys, as under-sheriff, to the amount of 1,000 dollars, which he had refused to account for and pay. This general assignment is sufficient, and is now admitted, in order to avoid a cumbersome prolixity upon the record. The rule was acknowledged, and applied by this court, in the case of *The Postmaster-General* v. *Cochran;* (2 *Johns. Rep.* 413.) and a reference was made to the *English* authorities, of which *Thurn* v. *Farrington*, and *Barton* v. *Webb*, (1 *Bos. & Pull.* 646. 8 *Term Rep.* 459.) are the latest and most pointed on the subject. The plaintiff, in the same replication, goes on further, and alleges, that *Smith* had embezzled 1,000 dollars, received by him as under-sheriff, and belonging to the plaintiff, and which he had refused to account for. This general assignment is equally within the rule, but the defendant contends that the bond does not cover such acts. It is to be observed, that the assignment alleges these acts of embezzlement to have been done by *Smith*, as to moneys received by him as under-sheriff; and the condition of the bond is, that he shall execute the office of under-sheriff, according to law, and without fraud. I have no doubt but that an embezzlement of moneys received as under-sheriff, is a breach of this condition. The plaintiff, lastly, assigns in this replication, as a breach, that he had been obliged to pay to the

amount of 1,000 dollars, in consequence of the negligence and acts of *Smith*, in his office. Here it might, perhaps, be doubted, whether this general assignment was within the rule, as the causes in which, the persons to whom, and the acts by reason of which the plaintiff had been obliged to pay the money, were within his knowledge. But the prolixity upon the record would be equally burdensome in this case, as in the former instances; and the acts of the defendant, which had rendered the plaintiff liable, were equally within the knowledge of the defendant. The breach is assigned in the words of the condition, and the assignment, necessarily amounts to a breach; and when that is the case, the general rule is, that the plaintiff may assign the breach generally, by negativing the words of the covenant; and were this assignment bad, on special demurrer, it is certainly good on general demurrer; and the defendant hath not alleged the omission in this part of the replication as one of his special causes of demurrer, (*Simmons* v. *Langhorne*, 2 *Wils.* 11.)

The replications to the fourth and fifth pleas are also general assignments of breaches; and are sufficient for the same reasons which render the assignment good in the last part of the replication to the second and third pleas. So that, upon the whole record, the plaintiff is entitled to judgment.

*Judgment for the plaintiff.*