NOLAND and Another v. BUSBY.

TAX DUPLICATE.—A tax duplicate which is legal upon its face is sufficient to justify the treasurer in seizing property in the collection of the taxes charged thereon.

SAME.—PLEADING.—In justifying the seizure of personal property for the payment of taxes, it is not necessary that the answer of the treasurer should allege that each requirement of the statute had been complied with in the preparation of the duplicate. A general allegation that the duplicate was delivered to the treasurer in conformity to law, &c., is sufficient.

TREASURER'S NOTICE.—The statute requiring the county treasurer to give notice of the amount of the tax charged for the different purposes authorized by law is merely directory, and the failure to give the notice will not prevent the collection of the tax.

SEIZURE BY DEPUTY.—PLEADING.—Where the treasurer has seized property by a deputy, it is not necessary that his answer justifying the seizure should show that the deputy had been sworn as such.

APPEAL from the *Madison* Common Pleas.

ELLIOTT, C. J.—Suit by *Busby* against *Noland* and *Shawhan* for the recovery of the possession of a horse alleged to have been unlawfully detained by the defendants from the plaintiff.

The defendants joined in an answer, in substance as follows: That the defendant *Noland* "is now, and for three years last past has been, the treasurer of *Madison* county, in the State of *Indiana,* duly elected and qualified, and that in *October,* A. D. 1865, *James M. Dickson,* who was then and there the auditor of said county of *Madison,* placed in the hands of the defendant *William W. Noland,* as directed by the statute in such cases made and provided, the tax duplicate of said county, containing the taxes assessed and levied by the proper authorities, upon the taxable property and polls of all persons resident in said county, for the year 1865, and all back taxes delinquent and unpaid; that in said tax duplicate there was assessed and charged against the said plaintiff upon his lands and personal property, taxes amounting in the aggregate to the sum of $148 50; that the said treasurer then and there forthwith caused notice to be

posted up at the court-house door, and in three other public places in said county of *Madison*, and also caused the same to be published in the *"Democratic Standard,"* a public newspaper having general circulation in said county, for three weeks successively, stating in such notice the amount of taxes charged for state, county, school, soldier's relief, sinking fund, township, special school and corporation of *Pendleton* purposes, on each $100 valuation of taxable property; also the tax on each poll for state and county purposes; that on and after the third *Monday* in *March*, 1866, said taxes, so charged as aforesaid on said duplicate against the said plaintiff, remained unpaid; that afterwards, to-wit, on the 10th day of *July*, 1866, the said *William W. Noland*, as such treasurer as aforesaid, by *Joseph L. Shawhan*, the other defendant herein, who was then and there the deputy of the said treasurer, called upon the said plaintiff and then and there demanded of him the amount of said taxes due and in arrears, standing against him on said tax duplicate as aforesaid, which taxes the plaintiff then and there refused to pay, and thereupon said deputy demanded of said plaintiff a sufficient amount of personal property, out of which the amount of said taxes might be made by levy and sale, with which demand the said plaintiff then and there refused to comply; that the said *Noland*, by his said deputy, then and there, by virtue of said tax duplicate, and by virtue of the authority vested in him by the statute in such case made and provided, did then and there, as such treasurer, seize upon and take into his possession the said bay horse mentioned in the complaint, as he lawfully might, for the purpose of realizing from the sale thereof the amount of said taxes, and the penalty, costs and charges thereon; that said horse was seized and taken for the purposes and by the authority aforesaid, and for no other purpose whatever. Wherefore the defendants pray judgment for a return of said horse, &c.

To this answer a demurrer was filed, because it did not state facts sufficient to constitute a defense to the action.

The court sustained the demurrer, to which the defendants excepted and refused to answer further. Final judgment was thereupon rendered for the plaintiff.

Do the facts alleged in the answer constitute a valid defense to the action? This is the only question in the case. The right of the treasurer to seize upon personal property in the collection of delinquent taxes, properly assessed under a valid duplicate, is not controverted. In *Ewing* v. *Robeson et al.*, 15 Ind. 26, a case very similar to the present one, it was held by this court that if the duplicate in the hands of the treasurer was legal on its face, it justified him in holding the property seized in the legal collection of taxes, and that it was not necessary for him to show a legal assessment of the taxes. The law requires the tax duplicate to be made out by the auditor and delivered to the treasurer, and makes it the duty of the latter to collect the tax. The duplicate is the treasurer's authority, as the writ is to the sheriff, and, if legal on its face, must be his justification, and is sufficient authority to enable him to hold property seized upon it in the collection of the taxes. But it is insisted by the appellee that the answer does not show that the duplicate in the hands of *Noland*, the treasurer, was legal on its face. The objection urged is, that it does not specifically show that the duplicate contained all the statutory requirements. For instance, that the state, county, school, road, and other taxes should be set down therein in separate columns, &c.; that the several columns on each page containing the valuation of real and personal property, taxes charged, &c., should be added up, and such additions carried forward from page to page, &c.

The answer avers that the auditor placed in the hands of the treasurer the tax duplicate of the county, as required by the statute, containing the taxes assessed and levied by the proper authorities upon the taxable property and polls of all persons resident in said county, for the year 1865, and all back taxes delinquent and unpaid; and that there was assessed and charged therein against the plaintiff, on his

lands and personal property, in the aggregate the sum of one hundred and forty-eight dollars and fifty cents. This we think is sufficient.

To show by specific averments that the duplicate was made out, in every particular, in the form and manner required by the various provisions of the statute relating to the subject, would require an answer of great length and prolixity, to avoid which the law allows in such cases general pleadings. The rule is stated by Chitty thus: "It is also a rule of pleading that where a subject comprehends a multiplicity of matter, and a great variety of facts, there, in order to avoid prolixity, the law allows general pleading. 1 Chit. Pl. 235; *id.* 535; *Postmaster General U. S.* v. *Cochran,* 2 Johns. 413; *Hughes* v. *Smith,* 5 Johns. 168; *Frary* v. *Dakin,* 7 Johns. 75.

*Ewing* v. *Robeson, supra,* was an action brought to recover possession of personal property. *Robeson* justified his possession as treasurer of *Franklin* county, under the tax duplicate of said county, alleging that the property had been owned by the *Laurel Bank,* and that certain taxes had been legally assessed against the bank, which remained due and delinquent on said duplicate, and were a lien on said property, which he seized and held as treasurer for the payment thereof. On demurrer to the answer, it was held good. It will be observed by reference to that case, that the answer there was more general in its terms than in the case under consideration. The objection urged in argument to the validity of the answer in that case was, that it did not show a legal assessment of the tax, which the court held was not necessary, but that a duplicate legal on its face justified the officer. The answer however could not have been held good unless the averments had been deemed sufficient to show a valid duplicate, as the question was necessarily presented by the demurrer. This is a question of pleading, and not of evidence. We are not now called upon to determine the nature, kind, or amount of evidence required to sustain the answer.

The statute makes it the duty of the treasurer on receipt of the duplicate, forthwith, to "cause notice to be posted up at the court-house door, and in three other public places in the county, and to cause the same to be published in some newspaper having general circulation in his county, if any there be, for three weeks successively, stating in such notice the amount of tax charged for state, county, school, road or other purposes, on each one hundred dollars valuation of the taxable property; and also the tax on each poll for state, county and other purposes." Acts Spec. Sess. 1861, p. 93. And it is insisted that the answer is bad because it does not show that the notice alleged therein contained the amount of tax levied on each one hundred dollars for road purposes. A sufficient answer to this objection is found in the fact that there is nothing in the record showing that the duplicate contained any levy of such a tax. But in saying this, we do not intend to be understood as holding that it was necessary to the validity of the answer that it should contain the averment that notice was given by the treasurer, as required by that provision of the statute. If a valid assessment and levy had been made of the taxes and a proper duplicate thereof made out and placed in the hands of the treasurer for collection, his failure to give the notice would not invalidate the tax, or prevent its subsequent collection. That, like various other duties enjoined by the statute, can only be regarded as directory to the officer; the neglect to give the notice would not discharge the tax, or present a valid obstacle to the collection thereof.

It was not necessary that the answer should show that the defendant *Shawhan* had been duly sworn as *Noland's* deputy. If he acted under the authority and by the direction of *Noland*, the treasurer, as his deputy, in seizing the property for the payment of the tax due from the plaintiff, the seizure would be valid. We think the answer presents a good bar to the action, and that the court erred in sustaining the demurrer.

The judgment is reversed, with costs, and the cause re-

manded, with instructions to the court below to overrule the demurrer, and for further proceedings.

J. *Davis* and J. *W. Sansberry*, for appellants.

H. *Craven* and *A. D. Williams*, for appellee.