## ANTHONY CONNOLE ET AL.
## v.
## THE PEOPLE, ETC., FOR USE, ETC.

*Principal and Surety—Clerk of Court—Receipt of Costs by—Action on Bond—Duty to Pay Over to Party to Whom Due—Allegation of Breach.*

There are cases where the clerk " by virtue of his office" may receive costs, and as his bond requires him to "pay over all money that may come to his hands by virtue of his office," it is a sufficient allegation of a ' breach of the conditions of his bond to allege that the costs in question were collected " by virtue of his office." ·

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Greene County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. HENDERSON & SCANLAND, for plaintiffs in error.

Messrs. F. A. WHITESIDE, for defendants in error.

MR. JUSTICE WALL. This was an action of debt on the official bond of Connole as clerk of the Circuit Court. The first breach averred that on the 1st day of April, 1886, by virtue of his said office of circuit clerk of the Circuit Court aforesaid, the said Anthony Connole received into his hands a sum of money amounting to eight dollars and fifty cents, which said sum had before that time been earned by and was due William J. Roberts as costs and had been taxed as costs by the clerk of said court aforesaid in a certain cause, etc. And though often requested, etc., he had failed and neglected to pay the said sum of money to said William J. Roberts, and at the expiration of his term of office did not pay over to the treasurer of Greene County, Illinois, the said sum of costs collected by him as aforesaid, etc. Second, third and fourth breaches assigned in same manner as first breach, for divers sums of money collected and not paid over or accounted for.

The defendants, jointly, demurred to the declaration, and the demurrer being overruled, declined to answer further. Judgment followed, the damages being assessed at $28.50. It is now urged that the court erred in overruling the demurrer.

The position assumed is that the law does not make it the duty of the clerk to collect or receive any costs except his own, and that if he does so his sureties can not be held for his failure to pay over to the person entitled thereto. The declaration avers that by virtue of his office the clerk did receive the fees in question, and though requested failed to pay the same to Roberts, and at the expiration of his term of office failed to pay to the county treasurer. We have found no statute which makes it the duty of the clerk to receive costs belonging to others, generally. By the act of 1881, Starr & C., p. 1151, it is provided that the clerk shall at the expiration of his term of office pay to the county treasurer all costs and fees collected and remaining in his hands not belonging to him; and by Sec. 5 of the same act he may be indicted for failure to do so, but such proceedings shall not be construed to release him or his sureties from any civil action on his official bond. By the second and third sections provision is made for payment by the treasurer to the person entitled, and for a certificate by the clerk to be given upon application to any person showing the amount due such person and the names of the parties to any suit or proceeding in which the same are taxed. Here there is a clear recognition of the proposition that the clerk may in some instances become the repository of fees and costs belonging to others by virtue of his office, and that he and his sureties may be held therefor on his bond; but the instances are not set out. By the act relating to tender it is expressly provided that cost tendered may be brought into court, and of course in such cases the clerk would receive the same. It is not infrequent that by special order of court costs are required to be paid to the clerk. Clearly, therefore, in some instances the clerk may by virtue of his office collect and receive costs and fees not his own, and for failure to pay over, he and his sureties would be liable.

Was it necessary for the plaintiff by specific averment of the facts to show the circumstances so that thereupon it might be seen whether the costs in question were properly received by the clerk? The bond was conditioned that the clerk should pay over all money that might come to his hands "by virtue of his office," and the breach alleged that "by virtue of his office" he had received the money here sued for. We are inclined to think this allegation was sufficient to call for a traverse. Murfree on Official Bonds, Sec. 552. In Gradle v. Hoffman, 105 Ill. 147, the action was debt upon the official bond of a deputy sheriff, conditioned for the faithful performance of all duties of his office; breach, that he did not perform but neglected to pay to plaintiff divers sums of money which he had received as such deputy and which it was his duty to pay to plaintiff. The breach was held good, the court saying it was unnecessary to set out the details and *minutia* of the default, and quoting from Ch. J. Kent in Hughes v. Miller, 5 Johns. 168, "The breach is assigned in the words of the condition, and the assignment necessarily amounts to a breach, and when that is the case the general rule is that the plaintiff may assign the breach generally by negativing the words of the covenant."

We need not discuss the question how far the general custom by which the clerk becomes the depository of cost collected on fee bills and executions, and paid to him by parties, no fee bill or execution having been issued, affects him and his sureties on his official bond.

We hold merely that as there are cases where the clerk, "by virtue of his office," may receive cost, and as his bond requires him to "pay over all money that may come to his hands by virtue of his office," it is sufficient to aver that the costs in question were collected "by virtue of his office."

The judgment will be affirmed.

*Judgment affirmed.*