### City of Chicago v. Adam Wolf et al.

1. PRACTICE—*Power of Court at Subsequent Term.*—If the clerk has failed to make a record, at the time, of what the court had ordered to be done at the term when the judgment was rendered, the court has power at the subsequent term to cause the clerk to enter upon the records the previous order made at the previous term, having before it some minute or memorial paper showing what such order was.

2. JUDGMENTS—*When Final.*—A judgment does not become absolutely final while it is still within the control of the trial court and subject to be amended or set aside.

City of Chicago v. Wolf.

3. Same—*Amendments in Form or Substance.*—The statute provides (Sec. 23, Chap. 110, R. S.) for amendments at any time before final judgments on such terms as are just and reasonable, in matters of form or substance, in any pleading which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought.

4. Declaration—*Containing a Good Statement of a Valid Cause of Action.*—If the declaration contains a good statement of a valid cause of action, although it may contain other matters open to special demurrer, it will not be obnoxious to general demurrer.

5. Same—*Defects Cured by Proper Amendments.*—If the declaration contains a defective statement of a good cause of action, such defects can be cured by proper amendments.

6. Pleading—*Declaration Alleging General Breach.*—A declaration is not fatally defective merely because the breach alleged is general.

Debt, upon a bond. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded, with directions, Mr. Justice Horton not concurring in that portion of the opinion which relates to the declaration. Opinion filed December 14, 1899. Rehearing denied.

Charles S. Thornton, corporation counsel, attorney for appellant; Allen C. Story, special counsel.

After judgment and the lapse of the term, courts have, in general, no power to amend the record. Cox v. Brackett, 41 Ill. 222; Horner v. Horner, 37 Ill. App. 199; County of Cook v. Dock Co., 131 Ill. 505; Becker v. Sauter, 89 Ill. 596; Lill v. Stookey, 72 Ill. 495.

Lawrence Harmon and Frederick S. Baird, attorneys for defendants.

Where errors and mistakes of the court's officers are apparent from the minutes of the judge, other entries of the same record, or the proceedings and files in the cause, and there is something to amend by, courts will not hesitate to make such amendments as will advance justice and sustain the rights of the parties. Coughran v. Gutcheus, 18 Ill. 391. Gebbie v. Mooney, 121 Ill. 255; Ogden v. Lake View, 121 Ill. 422; People v. Anthony, 129 Ill. 218; Wallahan v. People, 40 Ill. 103; Richardson v. Mills, 66 Ill. 525; In re Barnes, 27 Ill. App. 151; Jansen v. Grimshaw, 125

Ill. 473; Lampsett v. Whitney, 3 Scam. 170; Smith v. Clinton Bridge Co., 13 Ill. App. 572.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in debt upon a bond, with a penalty of $22,500,000, given by appellee as city treasurer of Chicago.

The points before us for consideration arise from the action of the court in sustaining the demurrer of appellees to appellant's replication to the first plea, and directing that such demurrer be carried back and sustained to the first count of the declaration; also in sustaining appellees' demurrer to appellant's replication to the eighth and only remaining plea. Appellant having elected to stand upon said first count of its declaration, and its said replications, judgment was given against the city of Chicago with costs.

Within the term in which such judgment was entered, appellant's counsel suggested to the court that the pleadings did not raise the issues as they should have been made; that counsel had unadvisedly elected to rely upon said pleadings as they stood; that a large sum of money and questions of great importance were involved; and that, as the pleadings stood, what ought to have been the issues could not be reviewed on appeal. Appellant's counsel therefore moved for a vacation of the judgment, and for leave to file an amended declaration to adapt the pleadings to the former finding of the court. This motion was denied.

The errors relied upon for reversal arise, as stated by appellant's counsel, "on the pleadings on denial of the motion for a repleader" and on a "*nunc pro tunc* amendment of the record."

Final judgment in the case was entered at the May term, 1898. The *nunc pro tunc* order complained of was entered October 24th following, and consisted of inserting in the amended declaration the words "account for and," so that the sentence should read "refuse to account for and pay over the same or any part thereof," etc.

It appears from the appellees' abstract, showing the amendment of the record, that the court had before it, at

the time the *nunc pro tunc* order complained of was made, a
carbon copy of typewritten amended declaration, upon which
the judge had in his own hand inserted the words in ques-
tion at the time said amendment was directed to be made.
It was from this written memorandum, "in order to make
the record conform to the truth and fact, as the same ap-
pears on the court files in this cause," that the *nunc pro tunc*
amendment appears to have been made. If the clerk has
failed to make a record, at the time, of what the court had
ordered to be done at the term when the judgment was ren-
dered, the court had power at the subsequent term to cause
the clerk to enter upon the records the previous order made
at the previous term, having before it a minute or memorial
paper showing what such order was. Gebbie v. Mooney,
121 Ill. 255-258. Whether there was any error in the
method of procedure, or whether, as is claimed, the memorial
paper or note of the judge was insufficient or could not be
made part of the record by which to amend, can not be con-
sidered upon this record, for the reason that no such error
is assigned. French Piano & Organ Co. v. Meehan, 77 Ill.
App. 577.

It is urged that the court should have allowed the
motion for a repleader, and for that purpose should have
set aside the judgment.

The discretion vested in the courts to grant or deny
motions of this character, when made in apt time, is not an
absolute, but a legal discretion, and is subject to review. A
judgment does not become absolutely final while it is still
within the control of the trial court and subject to be
amended or set aside. The statute provides (Sec. 23, Chap.
110, R. S.) for amendments at any time before final judg-
ment on such terms as are just and reasonable, in matters
of form or substance, in any pleading "which may enable
the plaintiff to sustain the action for the claim for which it
was intended to be brought." If there is shown in the
declaration in question any valid claim, which, if properly
pleaded and sustained by the evidence, entitles appellant to
recover, then, unless some good objection, such as gross

negligence, unreasonable delay, other means of relief, or like sound reason for refusal appears, it is in accordance with the spirit of that statute to afford opportunity of amendment in order that appellant may not be barred from relief to which it may be able to show itself justly entitled.

A demurrer to a replication to a plea filed by appellees, was carried back and sustained to the declaration itself, to which a demurrer had been previously overruled. At first appellant's counsel elected to stand by the declaration, and they still maintain that it was error to carry back and sustain the demurrer thereto. But afterward, and within the term, they sought leave to amend said declaration so as to present the issues as they state they should have been; and urged, in support of such motion, the public importance of the questions and the large sum of money involved.

If the declaration contained a good statement of a valid cause of action, then, although it may have contained other matters open to special demurrer, it would not be obnoxious to general demurrer. If it contains a defective statement of a good cause of action, then such defect could be cured by proper amendment.

Appellees' counsel insist that the declaration shows no legal breach of the obligation of the bond. The condition of said bond is as follows:

"The condition of the above obligation is such that whereas the above bounden Adam Wolf was, on the second (2d) day of April, A. D. 1895, elected to the office of city treasurer, in and for the city of Chicago, to hold said office for the period of two (2) years and until his successor shall be duly elected and qualified, or until said office shall be otherwise legally vacated.

"Now, therefore, if the said Adam Wolf shall well and faithfully perform and discharge the duties of said office as prescribed and required by law, and the orders and ordinances of said city, and shall account for and pay over all moneys received by him as such city treasurer, in accordance with law and in accordance with orders or ordinances heretofore passed, or hereafter to be passed by the city council of said city in conformity with law, and deliver all moneys, books, papers, and all other property belonging to said city to his successor in office, then this obligation to

be void, otherwise to be and remain in full force and effect."

The declaration sets forth the execution of the bond; that appellee Wolf was the duly elected and acting city treasurer until the day of the expiration of his term; that in accordance with law it was his duty as such treasurer to turn over to his successor in office all moneys belonging to the city; that during his term of office he collected and received, by virtue of his office and in accordance with law ($24,352.88), twenty-four thousand, three hundred fifty-two dollars and eighty-eight cents belonging to the city, which it was his duty to account for, pay over and deliver to his successor in office on or before April 6, 1897; that since the expiration of his term and prior to the commencement of the suit, payment had been demanded and refused and that he refuses to account for and pay over the same or any part thereof, and has converted the same to his own use contrary to law; and further, that during his term of office he has illegally and without authority paid out four thousand eight hundred twenty-two dollars and ninety-three cents ($4,822.93) received by him as city treasurer, by virtue of his office and in accordance with law, which sum, together with interest thereon, at the rate of five per cent per annum from the date of the respective payments, was and is the property of the city, which, although duly demanded, he refuses to account for and pay over to his successor in office as required by law, and that by reason of the breach of the conditions the said bond became and was forfeited.

It is apparently the contention of appellees' counsel, not only that this declaration is insufficient, but that no recovery can be had at all under the condition and language of the bond. It is said that the language of the condition, viz., "and deliver all moneys, books, papers and all other property belonging to said city, to his successor in office," is not the language of the statute. Whatever conclusion is intended to be drawn from this seems to be based upon the impression that neither the statute prescribing the condi-

tion, nor the condition itself, requires the treasurer to account for and pay over all moneys belonging to the city to his successor in office. But the statute contains a provision applicable to all city officials, requiring all property and effects on hand at the expiration of the term of office to be delivered to the successor in office. R. S., Chap. 24, Art. 6, Sec. 5. Aside from this, however, it appears to be claimed that the condition of the bond does not conform to (Sec. 4, p. 77) the laws and ordinances of Chicago, providing that the bond of elective officers shall be "conditioned for the faithful performance of the duties of the office, and the payment of all moneys received by such officer according to law and the ordinances of said city."

If this were true, it would not by any means follow that the bond in controversy voluntarily executed is not a good, valid and binding common law obligation. Todd v. Cowell, 14 Ill. 72; Mix v. The People, 86 Ill. 329, and cases there cited. Nor do we perceive the necessity for argument to show that the condition of the bond does not require the treasurer to "account with and pay over to his successor in office all moneys received by him during his two-year term of office." No such claim is presented in the declaration, so far as we can discover.

Appellees' material contention, however, is that the treasurer is required by the law and ordinances to account with the city comptroller, and the argument is that the assignment in the declaration of breaches in that condition of the bond, which requires the treasurer to "account for and pay over all moneys received by him as such city treasurer in accordance with law," and to deliver all moneys and other property "belonging to said city to his successor in office," is materially at variance with the condition itself.

The first assignment of breach is in substance that the treasurer "during his term of office collected and received money belonging to the city," which it became his duty as treasurer, "and in accordance with law, to account for, pay over, and deliver to his successor in office." It is not neces-

sary to construe this language to mean that it was the treasurer's duty to *account with* his successor. It is not the same thing to account *for* a balance to the successor as to account *with* the comptroller in order to ascertain such balance. Having accounted with the comptroller and ascertained the balance, it may still remain for the treasurer to account for such balance and pay it over. In one sense of the word he can not pay it over without accounting for it—that is, explaining what he has done with it and where it can be found, if he does not turn over the actual cash, or *counting* it over to his successor to ascertain if the amount is correct, if he turns over the actual money itself. In either case it is in a sense accounted for. The assignment charges that it was the treasurer's duty " *in accordance with law,* to account for, pay over and deliver to his successor; " in other words, to do each of these things—to account for, to pay over and deliver to his successor—in accordance with law. If we are right in this view of the meaning and construction of the language of the assignment, there is no material variance between it and the condition of the bond declared on. We are not to be understood as saying that the declaration can not be improved. It certainly can. But the question before us is whether the declaration states a good cause of action, and we are of opinion that it does. The purport of the said assignment is that said treasurer received, as treasurer, specific sums of money which it became his duty as treasurer, in accordance with law, to pay to his successor in office, and that he has ever since refused, and refuses still to perform his duty in this respect.

The pleas are at least full, and upon the whole record a substantial cause of action appears. While the breach is general, that is not a fatal defect. Gradle v. Hoffman, 105 Ill. 147–153.

As the case must be sent back, affording opportunity for amendment, and may proceed to trial and judgment, we refrain from consideration at this time of other questions discussed to some extent by counsel. The suit is brought in part to recover interest which it is claimed the treasurer received and improperly retains. Until the pleadings are

in shape to present the real questions more accurately, we do not deem it necessary or proper to now discuss upon the merits, issues not fully raised by the pleadings, and which may present a different aspect upon a fuller record.

The record disclosing a substantial cause of action, the judgment will be reversed and the cause remanded, with directions to permit appellant to amend its declaration upon payment of costs in the Circuit Court.

Reversed and remanded, with directions.

MR. PRESIDING JUSTICE HORTON.

In that portion of the foregoing opinion which relates to the declaration, I can not concur, either in the reasoning or the conclusion. It is inconsistent to hold that the declaration is good and at the same time to hold that the court erred in overruling the motion of appellant for leave to amend the same. The declaration is not good. But I concur in so much of said opinion as holds that appellant should have been allowed to amend.